IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| RIVER GLIDER AVENUE TRUST, Appellant, vs. NATIONSTAR MORTGAGE, LLC, Respondent. | No. 76683 |

**FILED**

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

After the HOA foreclosure agent issued a notice of delinquent assessments, the homeowner entered into settlement agreements with both the HOA and the HOA's foreclosure agent. The homeowner paid the HOA the agreed-upon amount in order to settle the money owed to it for delinquent assessments and any late fees, and entered into a payment plan with the foreclosure agent to settle the amounts owed for the foreclosure agent's fees and costs. The district court concluded that the homeowner's payment to the HOA cured the superpriority default, such that the purchaser at the later foreclosure sale took title to the property subject to respondent's first deed of trust.

We recently held in *9352 Cranesbill Trust v. Wells Fargo Bank, N.A.*, 136 Nev., Adv. Op. 8, 459 P.3d 227, 232 (2020), that payments made

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-18608

by a homeowner could cure the default on the superpriority portion of an HOA lien such that the HOA's foreclosure sale would not extinguish the first deed of trust on the subject property. Whether a homeowner's payments actually cure a superpriority default, however, depends upon the actions and intent of the homeowner and the HOA and, if those cannot be determined, upon the district court's assessment of justice and equity. *See id.* at 231 (explaining that "[i]f neither the debtor nor the creditor makes a specific application of the payment, then it falls to the [district] court to determine how to apply the payment").

In this case, the district court correctly determined that the homeowner's payments could cure the default on the superpriority portion of the HOA's lien. The district court also correctly determined, based on the evidence before it, that the HOA and the homeowner intended for the homeowner's payment to cure the delinquent assessments incurred before the notice of delinquent assessments. Indeed, the emails between the homeowner, foreclosure agent, and HOA, and the foreclosure agent's testimony, leaves no doubt that the HOA and the homeowner intended for the homeowner's payment to cure the amounts in the notice of delinquent assessment,[2] which would include the nine months of assessments comprising the superpriority default amount. *See* NRS 116.3116(2) (2012) (describing the superpriority component of an HOA's lien as "the

---

[2]Because the HOA and the homeowner's settlement was premised on the agreement that the homeowner's payment would cure the delinquent assessments comprising the amount in the notice of delinquent assessments, we are not concerned with how the HOA or foreclosure agent actually applied the homeowner's payment to the amounts owed. *See 9352 Cranesbill*, 459 P.3d at 231 (recognizing that a debtor may direct how his payment is applied to various debts).

assessments for common expenses . . . which would have become due . . . during the 9 months immediately preceding institution of an action to enforce the lien"); *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A. (Gray Eagle)*, 133 Nev. 21, 25-26, 388 P.3d 226, 231 (2017) (recognizing that, under the pre-2015 version of NRS 116.3116, serving a notice of delinquent assessments constitutes institution of an action to enforce the lien). And, because the homeowner's payment cured the superpriority default, the district court correctly determined that any purchaser at a later foreclosure sale would purchase the property subject to the first deed of trust on the property. *See 9352 Cranesbill*, 459 P.3d at 229.

Although appellant correctly points out that there were new unpaid monthly assessments at the time of the sale, these unpaid monthly assessments could not have comprised a new superpriority lien absent a new notice of delinquent assessment. *See* NRS 116.3116(2) (2012) (limiting the monthly assessments subject to superpriority status as those incurred "during the 9 months immediately preceding institution of an action to enforce the lien"); *Gray Eagle*, 133 Nev. at 25-26, 388 P.3d at 231 (holding that serving the notice of delinquent assessments institutes proceedings to enforce the HOA's lien); *cf. Prop. Plus Invs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 133 Nev. 462, 466-67, 401 P.3d 728, 731-32 (2017) (observing that an HOA must restart the foreclosure process in order to enforce a second superpriority lien). And foreclosure fees and costs are never part of an HOA's superpriority lien. *See* NRS 116.3116(2) (2009); *Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 373, 373 P.3d 66, 73 (2016) (holding that a superpriority lien "does not include an additional amount for the collection fees and foreclosure costs" incurred preceding a foreclosure sale). We also need not address appellant's

purported bona-fide-purchaser status when, as here, the superpriority default is cured before the foreclosure sale.[3] *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 612, 427 P.3d 113, 121 (2018) (providing that a party's status as a bona fide purchaser is irrelevant when the superpriority default is cured before the foreclosure sale).

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Timothy C. Williams, District Judge
Janet Trost, Settlement Judge
Law Offices of Michael F. Bohn, Ltd.
Akerman LLP/Las Vegas
Eighth District Court Clerk

---

[3]We also decline to address appellant's arguments that equitable considerations did not warrant ruling in respondent's favor when the district court's decision was not based in equity.